PER CURIAM.
Phillip L. Wood appeals his conviction of felony battery. Wood argues that the trial court erred in allowing a police officer to testify that the victim’s injuries “appeared to him” to be defensive, and summarily punishing. Wood for direct criminal con *985 tempt. He further contends that his trial counsel was ineffective by agreeing to an erroneous jury instruction on self-defense. We affirm Wood’s conviction of felony battery, but reverse his conviction of direct criminal contempt.
We conclude that the error in admitting the police officer’s testimony was harmless beyond a reasonable doubt. See Abdool v. State, 53 So.3d 208 (Fla.2010). Wood’s claim of ineffective assistance of counsel is more properly raised in a timely motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. Finally, Wood’s conviction of direct criminal contempt is reversed, as the trial court failed to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.830.
AFFIRMED in part; REVERSED in part.
ORFINGER, LAWSON and WALLIS, JJ., concur.